UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRADLEY RABBIE,

        Plaintiff,

v.                                                             Case No. 05-C-515

JO ANNE BARNHART,

        Defendant.

## DECISION AND ORDER

Bradley Rabbie seeks review of the final decision of the Commissioner of Social Security denying his application for SSI benefits. In administrative proceedings before an ALJ, Rabbie had claimed disability due to attention deficit disorder (ADD) and Asperger's disorder, a type of autism accompanied by symptoms involving restricted social development and /or eccentric behavior. There was evidence that Rabbie had been on and off various prescription drugs and had experienced difficulty in school. He often had difficulty concentrating and paying attention. He had friends and occasionally girlfriends, but found it difficult to maintain a job.

Rabbie now claims that the ALJ simply failed to appreciate the severity of his impairments and disagrees with the ALJ's conclusion that Rabbie could have performed any of several thousand jobs available in the economy. For the reasons stated below, I conclude that substantial evidence supports the ALJ's decision, and the decision will therefore be affirmed.

This appeal turns on the plaintiff's residual functional capacity (RFC). The ALJ concluded that Rabbie, despite his social impairments,

> retains the residual functional capacity for all levels of exertion reduced by: the inability to interact appropriately with the general public; the inability to work cooperatively with co-workers, but with the ability to work in close proximity with them; a moderately limited ability to respond appropriately to criticism from supervisors or adapt to changes in work setting; and a moderately limited ability to maintain attention and concentration for extended periods.

(Tr. 28.) Despite these limitations, a vocational expert testified that Rabbie could have performed jobs in packaging, machine feeding and assembly. The ALJ accepted the expert's testimony and concluded that Rabbie had the RFC to perform any of several thousands of jobs in the state economy. Thus, he was not disabled.

An ALJ's decision must be supported by substantial evidence. *Clifford v. Apfel,* 227 F.3d 863, 869 (7th Cir. 2000). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Richardson v. Perales,* 402 U.S. 389, 401 (1971)). It appears Rabbie's primary contention on appeal is that the ALJ improperly rejected the testimony of Rabbie's social worker, who had testified that Rabbie suffered from Asperger's disorder. The social worker, Candace Breault, testified that Rabbie was diagnosed with Asperger's by a Dr. Powers. That did not appear to be true, however. The only medical reference to Asperger's in Powers' report was his statement to the effect that he "[w]ould R/O [rule out] Asberger's [sic] Disorder 299.8 based on DSM IV criteria. Believe that more testing would need to be done at this time to solidify the diagnosis and/or examination by a child psychiatrist." (Tr. 176.) There was little other medical evidence of Asperger's, however, and no indication that any other testing had been done to confirm or rule out the disorder. The ALJ concluded that the social worker's belief that Asperger's had been diagnosed by another physician was not sufficient. "The record was held open for the claimant's attorney to submit further evidence from Dr. Powers to

2

support the diagnosis of Asperger's disorder, but none has been received. Therefore, the testimony and other statements by Ms. Breault [the social worker] cannot be found credible." (Tr. 28.)

Rabbie now claims that if the Asperger's diagnosis were properly taken into account, the ALJ would have appreciated the full extent of Rabbie's severe limitations and would have found that he lacked any residual functional capacity to work. The trouble with Rabbie's argument is that he presents no basis to conclude that the ALJ's opinion was not supported by substantial evidence. In particular, he does not dispute that there was no medical evidence of Asperger's in the record, nor does he dispute that the record was held open to allow him to proffer additional evidence on that score. Instead, Rabbie explains what Asperger's disorder is and what symptoms it is accompanied by, but nowhere does he explain why the ALJ's conclusion was not supported by substantial evidence. That is, there was no evidence before the ALJ that Rabbie actually had Asperger's disorder. To the extent Rabbie argues that the ALJ should have relied on the social worker's opinion that Rabbie had Asperger's, the ALJ was entitled to find the social worker's opinion insufficient. Under 20 C.F.R. § 416.913, opinions of physicians and psychologists would suffice, but not those of social workers. A social worker's opinion is an "acceptable source" of medical evidence only if the social worker acts as an agent of a licensed physician or psychologist. *See Gomez v. Chater,* 74 F.3d 967, 970-71 (9th Cir. 1996). In that event, the social worker must act so "closely under the supervision" of the treating physician that the social worker's opinion should be "properly considered as part of the opinion" of the physician. *Id.* There is no evidence that such was the case here.

Moreover, regardless of the nomenclature of the disease or whether there is evidence of the specific disorder in the record, the evidence of Rabbie's limitations suggests that the ALJ's RFC

3

conclusion was supported by substantial evidence. The ALJ noted all of the limitations Rabbie now argues, such as his limitations in interacting with others. In his brief, the plaintiff does nothing more than to state that he "disagree[s]" with the ALJ's conclusions. (Br. at 3.) He believes that in this economy, it is inconceivable that an individual who had difficulties with interpersonal relationships could find a job. But that is merely a conclusory opinion–it is not supported by any evidence. It certainly does not call into question the opinion of the vocational expert, who testified that there were thousands of jobs Rabbie could perform.

Accordingly, because the Commissioner's decision was supported by substantial evidence, the decision of the ALJ is affirmed and the case is dismissed.

**SO ORDERED**.

Dated this   5th   day of May, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
